UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRANDY S. CHRISTOPHER, | ) | CASE NO. 5:16-cv-0955 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| CAROLYN COLVIN, Acting | ) | **AND ORDER** |
| Commissioner of Social Security, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the joint stipulation of the parties (Doc. No. 17), as supported by documentation submitted by plaintiff (Doc. No. 16), for an award of attorney fees to plaintiff under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), in the amount of $2,187.50. For the reasons set forth herein, the stipulation is approved.

## I. BACKGROUND

On April 21, 2016, plaintiff filed this action seeking judicial review of defendant's denial of her application for Social Security Disability Insurance Benefits. Plaintiff filed her brief on the merits and, thereafter, before defendant filed any responsive brief, the parties jointly sought an order of remand. On October 24, 2016, the Court granted their motion, remanding this matter for further administrative proceedings, including a reweighing of the opinion evidence, an opportunity for a hearing, and supplementation of the administrative record, and for issuance of a new decision. (Order of Remand, Doc. No. 15.)

## II. DISCUSSION

The EAJA requires the government to pay a prevailing plaintiff's attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004). There is no dispute that here that the government's position was not substantially justified and that plaintiff is the "prevailing party" under the EAJA. *See Hammock v. Comm'r of Soc. Sec.*, No. 1:12-CV-250, 2015 WL 7292750, at *1 (S.D. Ohio Oct. 26, 2015), *report and recommendation adopted sub nom Hammock v. Acting Comm'r of Soc. Sec.*, No. 1:12-CV-250, 2015 WL 7276087 (S.D. Ohio Nov. 18, 2015) ("A plaintiff who wins a remand of her social security appeal in this Court is a 'prevailing party[.]'").

Although the parties have stipulated to the amount of an award, the Court must still examine it for reasonableness. 28 U.S.C. § 2412(d)(2)(A) ("fees and other expenses" includes, *inter alia*, "reasonable attorney fees"). The EAJA provides that the amount of an attorney fee award shall be based upon prevailing market rates, but shall not exceed $125 per hour, unless the Court determines that the cost of living or special factors justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A)(ii).

Documentation submitted by plaintiff's counsel shows 17.5 hours of legal services billed at the statutory rate of $125.00/hr. (See Doc. No. 16-1.) In addition, plaintiff's counsel has filed an affidavit attesting to her particular legal credentials. (See Doc. No. 16-2.) In light of these materials, the Court expressly finds that the $2,187.50 stipulated award is reasonable. As the parties recognize in their stipulation, this award will be in full satisfaction of any and all of plaintiff's claims for fees, costs, and expenses, and is subject to setoff to satisfy any pre-existing

debt owed by plaintiff to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 177 L. Ed. 2d 91 (2010).

Defendant is directed to determine, within 30 days from the date of this order, whether plaintiff owes any pre-existing debt to the United States, to offset any such debt against the award granted herein, and to pay the balance to plaintiff's attorney pursuant to the attorney's fee assignment duly signed by plaintiff and her counsel. (*See* Doc. No. 16-3.)

### III. CONCLUSION

For the reasons set forth herein, the parties' stipulation for an award of EAJA attorney fees pursuant to 28 U.S.C. § 2412 in the amount of $2,187.50 is granted, and the amount shall be paid in accordance with the procedure outlined above.

**IT IS SO ORDERED**.

Dated: December 7, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**